IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARLOS ANTONIO DIAZ SANTANA, § <br> A# 240-606-868, § <br> § <br> *Petitioner*, § <br> § <br> V. § <br> § <br> KRISTI NOEM, in her official capacity as § <br> Secretary of the Department of Homeland § <br> Security; TODD M. LYONS, in his official § <br> capacity as Acting Director of U.S. § <br> Immigration and Customs Enforcement; § <br> MIGUEL VERGARA, in his official § <br> Capacity as Director of the San Antonio § <br> Field Office of ICE, Enforcement and § <br> Removal Operations; RAYMOND E. § <br> THOMPSON, Warden of the Karnes § <br> County Immigration Processing Center; § <br> and DAREN K. MARGOLIN, Director § <br> of the Executive Office for Immigration § <br> Review, § <br> § <br> *Respondents*. § | CIVIL ACTION NO. SA-26-CV-00380-FB |

## ORDER GRANTING IN PART WRIT OF HABEAS CORPUS

Before the Court are Petitioner Carlos Antonio Diaz Santana's ("Petitioner") Plaintiff's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief ("Petition") (ECF No. 1), the Federal Respondents' ("Respondents") Response (ECF No. 5), and Petitioner's Reply (ECF No. 8). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted). After careful consideration, the Court is of the opinion that the Petition should be granted in part.

### BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City, Texas, located in located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

Petitioner entered the United States in 2022, and upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner. ICE detained Petitioner again on January 13, 2026.

## DISCUSSION

As alleged, Petitioner's case appears materially indistinguishable from several others in which courts in this District have found a procedural due process violation. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025). The Court considers these prior decisions to determine whether the facts of Petitioner's case warrant a different outcome.

A primary issue raised by Petitioner–namely, that detention pursuant to 8 U.S.C. § 1225 and the Board of Immigration Appeals ("BIA") decision in *In re Yajure Hurtado*,[1] 29 I&N Dec.216 (BIA 2025), is unlawful–was rejected by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Petitioner's position to a bond hearing or release when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. *Buenrostro-Mendez* is binding precedent and requires denial of the Petition as to Petitioner's statutory claim.

However, Petitioner argues detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds *and* constitutional due process grounds. The *Buenrostro-Mendez* decision did not reach the due process question, confining its analysis and holding to statutory interpretation. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1-10. And, the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." *Id.* at *10. Presumably, those further proceedings will address Mr.

---

[1] Although not controlling here, the *Hurtado* decision was vacated under the APA in *Bautista v. Santacruz*, ___ F. Supp. 3d ___, Case No. 25-cv-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026) ("The Court's initial decision to deny Petitioners' request to vacate *Yajure Hurtado* under the APA was an act of judicial restraint: a formality. However, based on the representations Respondents have made to the Court, it is evident that further relief is both necessary and proper. The Court **VACATES** *Yajure Hurtado* under the APA." (emphasis in original)).

Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance.[2] Indeed, Respondents' counsel stated it precisely during oral argument: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, *Buenrostro-Mendez v. Bondi*¸ No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

As our sister court in the El Paso Division previously stated, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process." *Marceau v. Noem*, No. 3:26-cv-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026). At least one other court in the El Paso Division has held the same, granting an immigration detainee's habeas claim days after the decision in *Buenrostro-Mendez*. *Hassen v. Noem*, No. 3:26-cv-48-DB, ECF No. 8 at *4 n.1 (W.D. Tex. Feb. 9, 2026), ("*Buenrostro-Mendez* does not change this case's outcome on procedural due process grounds.").

Respondents have argued that due process claims should be denied. This is so, Respondents contend, because the Fifth Circuit in *Buenrostro-Mendez* found that *Zadvydas v. Davis* did not apply to detained aliens who received or were receiving due process through removal proceedings. Respondents' assertion relies on the following language in the penultimate paragraph of the *Buenrostro-Mendez* decision:

> The petitioners' fears about potential abuse of detention pending removal proceedings under Section 1225b2A [sic] are wholly speculative. In any event, *Zadvydas v. Davis*, 533 U.S. 678, 678 (2001), has no direct application to aliens who are detained and being given due process during removal proceedings.

2026 WL 323330, at *9 (full citation omitted).

In *Zadvydas*, the Supreme Court considered a challenge to the statute that permits the Government to detain aliens who are subject to final orders of removal. 533 U.S. at 682. The Court

---

[2] *Buenrostro-Mendez* was consolidated with another case on appeal. 2026 WL 323330, at *3. In that case, the district court also declined to reach the due process claim, granting the petition solely on statutory grounds. *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *5 n.3 (S.D. Tex. Oct. 8, 2025).

held that such detention becomes unlawful once removal is no longer reasonably foreseeable because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 699.  Therefore, *Zadvydas* by its very terms squarely applies to post-removal-period-detention. *See id.*  But, it "has no direct application" to people who are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *9 (citation omitted), and, the constitutional concerns of indefinite detention raised in the post-final-removal-order context are not equally present when removal proceedings remain pending and will eventually conclude. *See Zadvydas*, 533 U.S. at 697.  The Fifth Circuit's reiteration of *Zadvydas*' general inapplicability to pre-final-removal-order-detention is not a ruling on the viability of any and all due process challenges to that detention. *Conforme v. DeAnda-Ybarra*, Cause No. EP-26-CV-263-KC, 2026 WL 381110, at *2 (W.D. Tex. Feb. 11, 2026). "And this aside does not change the fact that the Fifth Circuit only decided the statutory question and did not adjudicate the petitioners' due process claims." *Id.*; *see also Marceau,* 2026 WL 368953, at *2; *Hassen*, No. 3:26-cv-48-DB, ECF No. 8 at *4.

Moreover, numerous immigration decisions finding due process violations in this District have been based on the *Mathews v. Eldridge* test and principles of procedural due process, not on *Zadvydas*. *See, e.g., Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).  Therefore, *Buenrostro-Mendez* does not preclude Petitioner's procedural due process claim.[3]

---

[3] Courts in this District have already rejected Respondents' other due process arguments or else did not need not reach them. *See Marceau*,  2026 WL 368953, at *2; *Hassen*, No. 3:26-cv-48-DB, ECF No. 8 at *4 n.1 (W.D. Tex. Feb. 9, 2026); *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1-6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1-5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1-5; *Santiago*, 2025 WL 2792588, at *1-14; *Lopez-Arevelo*, 801 F. Supp. 3d at 674-88.

Because this Court cannot identify any material differences between Petitioner's case and this District's prior decisions, and because *Buenrostro-Mendez* has no bearing on Petitioner's procedural due process claim, it follows the same result is warranted here.

As to Petitioner's requested relief–immediate release or a bond hearing–*Buenrostro-Mendez* does not change the analysis of the appropriate remedy. In *Lopez-Arevelo*, the Court found that the appropriate remedy for a procedural due process violation was to require a bond hearing at which Respondents bear the burden of proving by clear and convincing evidence that the detainee poses a danger or flight risk. 801 F. Supp. 3d at 687 (collecting cases). The Court reached this conclusion, not because the statute requires a bond hearing, but because the petitioner's due process rights "[were] violated because he [was] detained without a bond hearing that accords with due process." *Id*. And the Court has further explained that, in ordering Respondents to provide an immigration habeas petitioner with a bond hearing, it "provides Respondents a final opportunity to give [the petitioner] the process to which he is entitled under the Constitution." *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at 5 n.1 (W.D. Tex. Nov. 10, 2025). "If they do so, then there is no longer a violation." *Id*. If Respondents elect not to provide such a hearing, the petitioner must be immediately released. *Id*.

## CONCLUSION

After careful consideration of the entire record, and for reasons explained at length in *Marceau*, *Hassen*, *Lala Barros*, *Erazo Rojas*, *Martinez*, *Santiago*, *Lopez-Arevelo,* and many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Respondents' new interpretation of 8 U.S.C. § 1225(b), this Petition is granted in part on procedural due process grounds. *See also Arias v. Noem*, ___ F. Supp. 3d ___, Civil Case No. SA-26-CV-415-FB, 2026 WL 255706 (W.D. Tex. Jan. 31, 2026). However, because fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one, *see Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), the Court denies any request for fees in this case.

**IT IS THEREFORE ORDERED** that the Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Petition") (ECF No. 1) is **GRANTED IN PART** such that, on or before **March 2, 2026**, Respondents shall either: (1) provide Petitioner r Carlos Antonio Diaz Santana with a bond hearing before an immigration judge, at which Respondents shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. In all other respects, the Petition is **DENIED**.

IT IS FURTHER ORDERED that, on or before **March 2, 2026**, Respondents shall FILE a notice informing the Court whether Petitioner has been released from custody. If Petitioner has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the immigration judge's decision.

IT IS FURTHER ORDERED that Respondents are CAUTIONED that a proceeding in which bond is denied by the immigration judge for lack of jurisdiction will not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore, immediate release from custody is REQUIRED.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 24th day of February, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE