IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS ANTONIO DIAZ SANTANA, A# 240-606-868, | § § § § § | |
| *Petitioner*, | § § | |
| V. | § § | CIVIL ACTION NO. SA-26-CV-00380-FB |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MIGUEL VERGARA, in his official Capacity as Director of the San Antonio Field Office of ICE, Enforcement and Removal Operations; RAYMOND E. THOMPSON, Warden of the Karnes County Immigration Processing Center; and DAREN K. MARGOLIN, Director of the Executive Office for Immigration Review, | § § § § § § § § § § § § § § § § | |
| *Respondents*. | § § | |

## ORDER DENYING MOTION TO ENFORCE

Before the Court is Petitioner's Motion to Enforce Order and Release Petitioner (ECF No. 11), filed by Petitioner Carlos Antonio Diaz Santana ("Petitioner") on March 2, 2026. On February 24, 2026, the Court granted in part Petitioner's Petition for Writ of Habeas Corpus ("Order") and ordered Respondents (or the "Government") to either: (1) provide Petitioner with a bond hearing before an immigration judge, at which the Respondents were to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. (ECF No. 9 at page 6). Respondents have now informed the Court that, on February 26, 2026, an immigration judge denied

Petitioner bond because Petitioner is a flight risk.  (ECF No. 12); *see also* (ECF No. 12-1) (Order of immigration judge).  Thus, Petitioner remains detained.

Petitioner has filed a motion to Enforce Order and Release Petitioner (ECF No. 11), arguing that Respondents failed to comply with the Court's February 24 Order because the immigration judge's order "simply states that [Petitioner] is a flight risk, without any analysis or finding that the Government met its burden by clear and convincing evidence."  (ECF No. 11 at page 2).  Petitioner argues the immigration judge incorrectly assessed his flight risk, giving little weight to evidence of his self-reporting history and letters of support and relying instead on Petitioner's ineligibility for asylum.

This Court lacks jurisdiction to sit in review of an immigration judge's discretionary finding that an alien is a flight risk and therefore should be denied bond.  *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678-79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).  Here, at the February 24 bond hearing, the immigration judge heard the evidence and made a factual finding regarding Petitioner's flight risk.  "Whether the Court agrees with the [immigration judge's] flight risk determination is of no importance–the Court simply lacks jurisdiction to review such a discretionary finding."  *Pineda-Romero v. Olsen*, Cause No. EP-26-CV-257-KC (ECF No. 8 at page 2) (W.D. Tex. Feb. 20, 2026) (citing *Lopez Arevelo*, 801 F. Supp. 3d at 678-79).

IT IS THEREFORE ORDERED that Petitioner's Motion to Enforce Order and Release Petitioner (ECF No. 11) is DENIED.

It is so ORDERED.

SIGNED this 4th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE